UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SURESH J.[1]                                                                                              PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:24-CV-12-CWR-ASH

MARTIN O'MALLEY, COMMISSIONER                     DEFENDANT
OF SOCIAL SECURITY

REPORT AND RECOMMENDATION

Suresh J. filed a claim for supplemental security income, alleging disability beginning January 27, 2018. After her application was denied by the Social Security Administration initially and upon reconsideration, Suresh J. requested and was granted a hearing before an administrative law judge. On April 4, 2023, the ALJ issued a decision finding that Suresh J. is not disabled. The Appeals Council denied review, and on January 10, 2024, Suresh J. filed this appeal under 42 U.S.C. § 405(g). As explained below, the undersigned recommends that the Commissioner's decision be reversed and this case remanded to the Social Security Administration for further proceedings because the ALJ failed to assess whether Suresh J.'s stomach issues constitute a severe impairment.

I.      Facts and Procedural History

Suresh J. was 51 years old at the time of her alleged disability onset. She has a GED and past relevant work as a certified nursing assistant and a dietary aide. She alleged disability based

---

[1] Consistent with guidance from the Judicial Conference's Committee on Court Administration and Case Management regarding privacy concerns in Social Security cases, the undersigned identifies the plaintiff only by first name and last initial.

on stomach issues, a history of strokes, diabetes, vision issues, hypertension, and heart problems.[2]

The ALJ evaluated Suresh J.'s claim using the familiar sequential evaluation process for determining disability.[3] At step two, he found that Suresh J. has the following severe impairments: diabetes mellitus and hypertension. R. [5] at 21.[4] At step three, the ALJ concluded that Suresh J. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 22. He found Suresh J. has the residual functional capacity to perform the full range of medium work as defined in 20 C.F.R. § 416.967(c), *id.*; the ability to sit, stand, and walk for up to 6 hours in an 8-hour workday, *id.* at 28; and the ability to carry, push, and pull 25 pounds frequently and 50 pounds occasionally, *id.* Relying on the testimony of a vocational expert, the

---

[2] Suresh J.'s application for benefits asserted disability "due to . . . stroke[,] diabetes[,] blood pressure[, and] heart problems." R. [5] at 96 (CM/ECF pagination). At the hearing before the ALJ, she testified that her "most significant impairment[s]" were her "stomach issue and [her inability] to see as of September of" 2022. *Id.* at 58.

[3] Disability is defined by statute as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In evaluating a disability claim, the ALJ engages in a five-step sequential process, making the following determinations: (1) whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made); (2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made); (3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled); (4) whether the impairment prevents the claimant from doing past relevant work (if not, the claimant is found to be not disabled); and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled). *See* 20 C.F.R. §§ 404.1520; 416.920. The analysis ends at the point at which a finding of disability or non-disability is required. The claimant bears the burden to prove disability throughout the first four steps; if he sustains his burden through step four, the burden shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

[4] All pinpoint citations are to the CM/ECF pagination.

ALJ determined at step four that Suresh J. can return to her past relevant work. *Id.* at 28. He therefore found that Suresh J. is not disabled. *Id.*

II.     Analysis

"On judicial review, the ALJ's determination that a claimant is not disabled will be upheld, if the findings of fact upon which it is based are supported by substantial evidence on the record as a whole, and if it was reached through the application of proper legal standards." *Loza v. Apfel*, 219 F.3d 378, 389 (5th Cir. 2000). Substantial evidence "is less than a preponderance of the evidence" and exists where the record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schofield v. Saul*, 950 F.3d 315, 320 (5th Cir. 2020) (quoting *Consol. Edison of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). In reviewing a denial of disability benefits, the Court "does not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the [ALJ's], even if the evidence weighs against the [ALJ's] decision." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

Suresh J. raises four arguments on appeal: (1) the ALJ's conclusion that Suresh J.'s stomach impairment is not a severe impairment is not supported by the medical evidence in the record; (2) the ALJ's finding that Suresh J.'s diabetic retinopathy is not a severe impairment is not supported by the medical evidence of record; (3) the ALJ erred in failing to obtain an updated medical expert opinion regarding medical equivalency related to Suresh J.'s type 2 diabetes; and (4) the ALJ committed reversible error in relying on consultative examiner Boyd-Drummond's medical opinion. Because the undersigned concludes the first issue requires remand, the others need not be addressed.

The ALJ found that Suresh J. has peptic ulcer disease, which he classified as a non-severe impairment. Specifically, he noted that in March 2022, Suresh J. "ended up with an area of her

3

stomach that had to be removed." R. [5] at 21. He noted that Suresh J.'s "incision healed well" and the record contains no "new reports of ulcers" thereafter. *Id.* He therefore concluded that Suresh J.'s peptic ulcer disease "was a serious" but "acute" "problem" that "does not appear to meet the duration requirements of a severe impairment." *Id.*

Title 20 C.F.R. § 404.1520(a)(4)(ii) states that if a disability claimant "do[es] not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, [the Commissioner] will find that [the claimant is] not disabled." Section 404.1509 provides the duration requirement: "Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months." The ALJ focused on Suresh J.'s March 2022 hospitalization in determining that her peptic ulcer disease did not meet the duration requirement.

But the medical records indicate Suresh J.'s peptic ulcer disease did not first appear in March 2022. In April 2019, Suresh J. was transferred to St. Dominic's Hospital from the Copiah County Medical Center following two "episodes of hematemesis."[5] R. [5] at 422. The assessment was that Suresh J. was suffering from a "GI bleed likely secondary to [a] peptic ulcer." *Id.* at 423. An EGD revealed "a 30 mm diameter gastric ulcer." *Id.* at 428. Suresh J. again presented to St. Dominic's in July 2019 with both upper and lower GI bleeds. *Id.* at 498. An EGD during the July hospital stay revealed "ulcers in the incisor of the stomach." *Id.* at 501.[6]

---

[5] "Hematemesis means vomiting blood. . . . It may be fresh and bright red, or older, darker and coagulated, like coffee grounds." Cleveland Clinic, *Vomiting Blood*, https://my.clevelandclinic.org/health/symptoms/17708-vomiting-blood [https://perma.cc/N5EY-MY4V] (last visited Jan. 27, 2025).

[6] St. Dominic's discharged Suresh J. on July 22, 2019, the day she filed her application for supplemental security income.

Two years later, in May 2021, Suresh J. was again admitted to St. Dominic's because she "ha[d] been vomiting coffee ground emesis for about a week." *Id.* at 804. She was then admitted to St. Dominic's in September 2021, and she stated she had been experiencing abdominal pain for two years. *Id.* at 796. In a follow-up telehealth visit with Nurse Practitioner Caroline Green at Jackson Hinds Comprehensive Health Center, Suresh J. reported "chronic abdominal pain and decrease[d] appetite" as well as "nausea." *Id.* at 937.

Finally, in March 2022, Suresh J. was admitted to St. Dominic's following a "3-day history of hematemesis." *Id.* at 771. Suresh J. had an EGD on March 20, 2022, which revealed "[a] single cratered 5 cm ulcer . . . in the . . . stomach." *Id.* at 927. On March 23, 2022, Suresh J. underwent "a total gastrectomy."[7] *Id.* at 919. Thus, the medical records show Suresh J. suffered from issues relating to stomach ulcers for almost three years. Substantial evidence does not support the ALJ's conclusion to the contrary. And because the ALJ's conclusion that Suresh J.'s stomach problem is not a severe impairment was based entirely on his analysis of the duration requirement, he never directly addressed "the severity requirement, which determines whether the impairment prevents the claimant from working." *Singletary v. Bowen*, 798 F.2d 818, 821 (5th Cir. 1986). His opinion may have touched on it when reasoning that Suresh J.'s stomach problem is exacerbated by her lack of compliance. R. [5] at 21. But this is not clear from his analysis.

The larger problem with the ALJ's analysis of Suresh J.'s stomach ailments is that his assessment of her credibility—which may have impacted the balance of his opinion—was based

---

[7] "Gastrectomy is stomach removal surgery. . . . Total gastrectomy removes your entire stomach." Cleveland Clinic, *Gastrectomy*, https://my.clevelandclinic.org/health/procedures/gastrectomy [https://perma.cc/3CKF-Q6FR] (last visited Jan. 27, 2025).

in part on a misinterpretation of her surgical history. *See id.* at 24 (concluding that Suresh J.'s "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record"). The ALJ noted that Suresh J.'s records from the Jackson-Hinds clinic document her as having had Roux-en-Y gastric bypass surgery, but that she had told her provider she actually had her stomach removed. *Id.* at 25. The ALJ apparently rejected either interpretation of the medical history: "Of course, the claimant did not have this type of surgery, which is done for weight loss in individuals with high BMIs." *Id.* Instead, he appears to have concluded she had only a portion of her stomach removed. *Id.* at 21, 25. In his brief, the Commissioner agrees: "Nowhere in the medical evidence does a 'stomach removal' take place." Def.'s Br. [9] at 6. But the medical records clearly reflect that surgeons removed Suresh J.'s entire stomach. R. [5] at 919 ("We used the LigaSure device to go all the way up the greater curve and eventually had a total gastrectomy. There is no way we could safely sav[e] the stomach because the ulcer margin was so close to the GE junction. . . . We then elected to do a total gastrectomy . . . .").

So the question is whether the ALJ's misinterpretation of the medical evidence for a stomach issue that was central to Suresh J.'s claim was a harmless error. *See Robinson v. Colvin*, No. 14-1530, 2015 WL 5725134, at *8 (E.D. La. Sept. 28, 2015) ("[T]he Fifth Circuit has applied the harmless error standard where the ALJ misstated the medical evidence."). "In the Fifth Circuit, harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Jones v. Saul*, No. 3:19-CV-880, 2020 WL 5752390, at *18 (N.D. Tex. Aug. 24, 2020). Having reviewed the ALJ's opinion, the undersigned concludes his misreading of Suresh J.'s medical history may very well have affected his credibility determination as to the other evidence he considered. The Court therefore cannot

say that the ALJ's misinterpretation of the medical records was harmless error. *See Reese v. Saul*, No. 4:19-CV-2787, 2020 WL 6804513, at *5–*7 (S.D. Tex. Nov. 3, 2020) (noting that courts "consistently find" factual errors that are "central to the ALJ's credibility findings" "require remand" and recommending remand because ALJ's factual errors may have impacted RFC), *report and recommendation adopted*, 2020 WL 6799610 (S.D. Tex. Nov. 19, 2020); *Martin v. Astrue*, No. 08-CV-366, 2010 WL 881740, at *6 (M.D. La. Mar. 5, 2010) ("It is long-established law in this Circuit that a credibility choice based upon misinterpretation of medical records and erroneous factual information requires reversal and remand."). The undersigned therefore recommends remand for further proceedings consistent with this Order.

III.   Conclusion and Recommendation

The undersigned has carefully reviewed the entire record and recommends that the Court reverse the ALJ's decision, enter judgment for Suresh J., and remand this case to the Commissioner under 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Report and Recommendation.

IV.   Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

      Respectfully submitted, this the 28th day of January, 2025.

                          s/ *Andrew S. Harris*
                          UNITED STATES MAGISTRATE JUDGE